McKAY, Circuit Judge,
concurring:
I join in the court’s opinion with the exception of its unnecessary adoption of the Second Circuit’s unsworn witness rule. This rule has never been endorsed by the Supreme Court or this Circuit, and, like the First Circuit, I would not decide whether to adopt this rule when it is not required to resolve the matters before us. See Fonten Corp. v. Ocean Spray Cranberries, Inc., 469 F.3d 18, 23 (1st Cir.2006).
I am also concerned about the breadth of this rule as adopted by the majority. I note the Second Circuit’s holding in an unpublished case that — at least where the attorney in question is a prosecutor — an attorney does not act as an unsworn witness by examining a witness about a meeting in which the attorney participated, so long as the attorney does not give the jury his account of the meeting or “impermissibly impart his personal knowledge of the case, vouch for the credibility of witnesses, or bring his own credibility into issue.” United States v. Pappas, 199 F.3d 1324 (2d Cir.1999); see also United States v. Gholston, 10 F.3d 384, 389 (6th Cir.1993) (rejecting a defendant’s argument that the prosecutor acted as an unsworn witness by questioning him at trial regarding an interview between them). It seems to me that if personal knowledge and participation in pretrial events are insufficient to create a serious unsworn witness problem on the part of the prosecutor — who is surely just as capable of “subtly impar[ting] to the jury his first-hand knowledge,” United States v. Locascio, 6 F.3d 924, 933 (2d Cir.1993), as defense counsel- — -then it is inappropriate to adopt a rule that personal knowledge and participation are sufficient to cause an unsworn witness problem on the part of defense counsel. Cf. id. at 934 (noting that the defense attorney in that *916 case “had allegedly entangled himself to an extraordinary degree” in his client’s allegedly illegal activities). Moreover, I agree with the First Circuit that potential un-sworn witness problems caused by an attorney’s personal participation in pretrial events can often be resolved through monitoring by the district court to ensure that counsel does not improperly imply that any witness’s version of events is inaccurate or otherwise provide impermissible unsworn testimony. See Fonten Corp., 469 F.3d at 23.
Because this case is readily affirmable without relying on the Second Circuit’s unsworn witness rule, I would leave to another day, when resolution of this issue is fully and squarely required in a case before us, any consideration or adoption of such a rule.